COURT OF CHANCERY
OF THE
STATE OF DELAWARE

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:    April 30, 2018
Date Submitted:    April 13, 2018

Michael-destry Family of Williams
Federal Correction Institution
FCI Englewood Prison
BOP# 39714-013
9595 W. Quincy Avenue
Littleton, CO 80123

     RE:   ***Michael-destry Williams © Trust v. United States of America***
         C.A. No.

Dear Mr. Williams:

You have filed a petition for instructions with this Court, naming the United States of America, Inc., as defendant. Although your petition is not entirely clear, you appear to be seeking preliminary and permanent injunctive relief releasing you from incarceration at the Federal Correctional Institution at Englewood, in Littleton, Colorado, because of allegedly unlawful presentment and trial proceedings in the United States District Court for the District of Colorado, in which you were found guilty and incarcerated. You argue that, since the United States of America, Inc. was a corporation originally registered in Delaware, this

Court has jurisdiction over your case. You also appear to be seeking instructions from this Court related to administration of the M.D.W.© trust. Further, you seek approval to proceed *in forma pauperis* in this matter. I recommend that the Court grant your request to proceed *in forma pauperis*, and dismiss your petition as legally frivolous for lack of subject matter jurisdiction. This is a final report.

## I.     Background

In the petition, you claim that you are the sole "foreign beneficiary" under a trust known as "MICHAEL DESTRY WILLIAMS © (M.D.W.© trust)" which you allege was created by the United States of America, Inc. between May 23, 1964, the date of your birth, and May 23, 1982, the date of your majority.[1] You state that you were arrested by the U.S. Marshal Service under a commercial presentment, brought before the United States District Court of the District of Colorado, and following a jury trial, were found guilty and incarcerated. You allege that the "officers and agents of the U.S.A. Corp and or their subsidiaries [sic] corporations" have not produced claims of the contractual obligations between the parties, including a "commercial" presentment and claim in the United States District Court of the District of Colorado and in the 4th Judicial District, El Paso County, Colorado.[2] You further assert that you have not received a "true benefit" from the

---

[1] Pet'r's Pet. for Instr. ¶¶ 1 - 3.

[2] *Id.* ¶ 10.

M.D.W.© trust to date and, after requesting that the Social Security Administration close and distribute the trust in 2009, you seek an "accounting of the M.D.W. © trust [to] provide prima facie evidence of the mismanagement and rape of said trust and the violations of fudiciary [sic] responsibilities of officers, agents and trustees thereof."[3]

## II.    **Analysis**

I have reviewed your application to proceed *in forma pauperis*. To proceed *in forma pauperis*, a litigant, who is an inmate, must provide a sworn affidavit addressing his ability to pay court costs or fees and a certification of his inmate account.[4] Upon review of the information provided, a court may grant the inmate leave to proceed *in forma pauperis*.[5] Your application meets the criteria for prisoners to proceed *in forma pauperis* under 10 *Del. C.* § 8804, and I recommend the Court grant your application to proceed *in forma pauperis*.

If the Court grants the inmate's motion to proceed *in forma pauperis*, then the Court determines whether the complaint is factually frivolous, malicious or legally frivolous.[6] I recommend that the Court dismiss your petition as legally frivolous for lack of subject matter jurisdiction. Delaware's *in forma pauperis*

---

[3] *Id.* ¶¶12, 15, 17.

[4] 10 *Del. C.* § 8804.

[5] *Id.*

statute defines a legally frivolous complaint as one that is "based on an indisputably meritless legal theory."[7] The Court of Chancery is a Delaware state court of limited jurisdiction. It has subject matter jurisdiction over a case in three ways: (1) the plaintiff asserts an equitable claim; (2) the plaintiff requests equitable relief for which there is no adequate remedy at law; or (3) subject matter jurisdiction is conferred by statute.[8] When it appears that the Court lacks jurisdiction over the subject matter of an action, the action must be dismissed.[9] Because subject matter jurisdiction is non-waivable, a court has an "independent obligation to satisfy themselves of jurisdiction if it is in doubt."[10]

Here, it does not appear from your petition that any of the alleged acts of which you complain occurred in Delaware. You fail to allege any actions that were taken by the agents or officers of a corporation, the "United States of America, Inc.," which you claim was registered in Delaware at some point. Your complaints relate to actions taken by officers and agents of the United States federal government, and most specifically, actions taken by the United States

---

[6] 10 *Del. C.* § 8803(b).

[7] 10 *Del. C.* § 8801(7); *McCoy v. Taylor*, 1998 WL 842322, at *2 (Del. Ch. Nov. 12, 1998).

[8] *Cf. Envo, Inc. v. Walters*, 2009 WL 5173807, at *4 (Del. Ch. Dec. 30, 2009), *aff'd*, 2013 WL 1283533 (Del. Mar. 28, 2013).

[9] Ct. Ch. R. 12(h)(3); *see also Czarninski Baier, v. Upper New York Inv. Co. LLC,* 2018 WL 1791996, at *5 (Del. Ch. Apr. 16, 2018).

District Court for the District of Colorado which led to your incarceration. Further, you seek an accounting of the M.D.W. © trust, which you claim was set up by the federal government, without your agreement, with you as the only beneficiary. Your petition does not show that the M.D.W. © trust is an existing trust, or that it has any connection to, or activities in, Delaware. The remedy for your claims regarding federal criminal matters occurring in Colorado, or otherwise related to actions by the federal government, is not available through this Court.

None of your claims demonstrate a connection to Delaware or a Delaware entity, or request relief that this Court can grant. This Court has addressed similar issues previously and dismissed the complaints for lack of subject matter jurisdiction.[11] I find this Court lacks the authority to grant the relief you request, and recommend that the Court dismiss this petition as legally frivolous for lack of subject matter jurisdiction.[12]

## III. Conclusion

---

[10] *Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1284 (Del. 2007).

[11] *Cf. Critchfield v. Rios*, 2016 WL 2755881, at *2-*3 (Del. Ch. May 9, 2016); *IMO Bechard*, 2016 WL 1169097, at *1 (Del. Ch. Mar. 17, 2016); *Bechard v. Rios*, 2016 WL 402471, at *1-*2 (Del. Ch. Feb. 2, 2016).

[12] It can be determined, alternatively, that the corporate defendant you charged is not the real party in interest. However, even if Court of Chancery Rule 17(a) applies in this case, which would allow a reasonable time to permit a substitution of the defendant, my findings and recommendations remain the same. The real party (ies) in interest, if substituted, would be the federal government and its agents and officers, and this Court would still lack subject matter jurisdiction over this matter.

For the foregoing reasons, I recommend the Court grant your application to proceed *in forma pauperis*, and dismiss this petition as legally frivolous for lack of subject matter jurisdiction. This is a final report and I refer you to Court of Chancery Rule 144 for the process of taking exception to a Master's final report.

Sincerely,

/s/ *Patricia W. Griffin*

Master in Chancery